*1353 REYNA, Circuit Judge,
dissenting-in-part.
For too long, this court has turned a blind eye to what I consider to be a grave concern: the application of a prima facie test that necessarily achieves a legal determination of obviousness prior to full and fair consideration of evidence of objective indicia of non-obviousness.[1] There should be no prima facie rule or test in the obviousness inquiry. Stated differently, the burden of persuasion should not shift from the challenger to the patent holder after a legal determination of obviousness has already been made.
I agree with the majority’s decision to affirm the district court’s grant of summary judgment of no inequitable conduct. Thus, I join Part IIB of the majority opinion. I disagree, however, with the majority’s decision that affirms the district court’s grant of summary judgment of obviousness. I would find that the district court improperly found a prima facie case of obviousness before considering Kraft’s evidence of objective indicia of nonobviousness. I therefore respectfully dissent from Part IIA of the majority opinion.
Because the majority affirms on obviousness, it does not address the district court’s finding of no literal infringement. Because I believe the district court erred on obviousness, I would address the infringement issue. The district court changed its construction of the claim term “sealing layer” between its Markman order and summary judgment order, - resulting in a conclusion of non-infringement. That midstream change was dispositive, and because Kraft had no opportunity to address the new construction, the district court’s summary judgment was erroneous. I dissent.
I.
A. Statutory Requirement of Non-Obviousness
In 1952, Congress amended the Patent Act to, inter alia, require that patents be non-obvious. 35 U.S.C. § 103; 2 Donald S. Chisum, Chisum on Patents § 5.02[4] (“In Section 103 of the Patent Act of 1952, Congress for the first time gave express legislative recognition to the judicially-developed doctrine that something more than strict novelty is required in order to support a patent.”). Section 103 codified what the common law already had required for a century. See Hotchkiss v. M. Greenwood & Co., 52 U.S. (11 How.) 248, 13 L.Ed. 683 (1850). A claimed invention is unpatentable “if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains.” 35 U.S.C. § 103.[2]
*1354 B, Supreme Court Precedent
The Supreme Court first addressed § 103 in Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966). The Court set' forth the framework for determining whether patent claims would have been obvious:
Under § 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims • at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background, the obviousness or nonobvi-ousness of the subject matter is determined. Such secondary considerations as commercial success, long felt but unsolved needs, failure of others, etc., might be utilized to give light to the circumstances surrounding the origin of the subject matter sought to be patented. As indicia of obviousness or nonobvi-ousness, these .inquiries may have relevancy.
Id. at 17-18, 86 S.Ct. 684 (citation omitted). The Court noted that objective indicia of non-obviousness are “more susceptible of judicial treatment” than the other “highly technical facts” relevant to an obviousness analysis. Id. at 36, 86 S.Ct. 684. Objective indicia “may lend a helping hand to the judiciary”' that “is most ill-fitted to discharge the technological duties cast upon it by patent legislation.” Id. Objective indicia, the Court wrote, help guard against hindsight and “the temptation to read into the prior art the teachings of the invention in issue.” Id.[3]
More recently, the Supreme Court clarified the obviousness analysis in KSR International Co. v. Teleflex Inc., 550 U.S. 398, 127 S.Ct. 1727, 167 L.Ed.2d 705 (2007). It explained that trial courts must consider the four Graham factors to determine whether an asserted claim would have been obvious: (1) the scope ánd; content of prior art; (2) the differences between the prior art and asserted claims; (3) the level of ordinary skill; and (4) objective indicia of non-obviousness. KSR, 550 U.S. at 406, 127 S.Ct. 1727 (citing Graham, 383 U.S. at 17-18, 86 S.Ct. 684). The Court noted that “the sequence of these questions might be reordered in any particular case.” Id. at 407, 127 S.Ct. 1727. It also cautioned factfinders to consider “the distortion caused by hindsight bias” and “be cautious of arguments reliant upon ex.post reasoning." Id. at 421, 127 S.Ct. 1727, In KSR, however, the patentee’s minimal evidence of objective indicia did not “dislodge” the obviousness determination. Id. at 426, 127 S.Ct. 1727. Thus, the Supreme Court held that the asserted claim would have been obvious. Id.[4]
To be clear, nothing in Graham or KSR requires courts to analyze the first three Graham factors first, make a prima facie determination of obviousness, and only then examine objective indicia of non-obviousness. Such a prima facie framework excludes objective indicia in the primary *1355 analysis and artificially creates a heightened standard of proof for objective indi-cia. I am not aware of any Supreme Court authority that endorses — let alone requires — the prima facie framework.
C. Federal Circuit Precedent
This court explained the basic obviousness analysis in Stratoflex, Inc. v. Aeroquip Corp., 713 F.2d 1530 (Fed. Cir. 1983). In Stratoflex, the district court concluded that the claimed inventions were “plainly obvious.” 713' F.2d at 1539. As a result, it refused to analyze objective indicia of non-obviousness. Id. We held that such an approach was error, noting that each Graham factor “is but an aid” in determining whether the claimed invention would have been obvious. Id. at 1537. And although we discussed objective indicia after the other three Graham factors, we elaborated at length about their importance:
It is jurisprudentially inappropriate to disregard any relevant evidence on any issue in any case, patent eases included. Thus evidence rising out of the so-called “secondary considerations” must always when present be considered en route to a determination of obviousness. Indeed, evidence of secondary considerations may often be the most probative and cogent evidence in the record. It may often establish that an invention appearing to have been obvious in light of the prior art was not. It is to be considered as part of all the evidence, not just when the decisionmaker remains in doubt after reviewing the art, ,., En route to a conclusion on obviousness, a court must not stop until all pieces of evidence on that issue have been fully considered and each has been given its appropriate weight. Along the way, some pieces will weigh more heavily than others, but decision should be held in abeyance, and doubt -maintained, until all the evidence has had its say.
Id, at 1538-39 (citations omitted). In light of the district court’s failure to consider the objective indicia, we did so in the first instance. Id. at 1539. Giving “full consideration” of objective indicia such alleged commercial success, industry praise, and long-felt but unmet need, we concluded that the claims would-have been obvious and thus affirmed the district court under the harmless error rule. Id. 'at 1540.
More recently, we discussed the role of objective indicia in Cyclobenzaprine, 676 F.3d at 1063. In that casé," the district court engaged in a three-step" analysis to determine whether a certain drug extend-, ed-delivery method would have been obvious. First, under the heading “Prior art,” it described four prior art references. In re Cyclobenzaprine, 794 F.Supp.2d 517, 534-35 (D. Del. 2011), rev’d in part, 676 F.3d 1063 (Fed. Cir. 2012). In the next section, with the heading “Prima facie case,” the district court determined that “a person of ordinary skill in the art would have been motivated to take a group of known elements to create an extended release version of cyclobenzaprine, and to have a reasonable expectation of success in doingm” Id. at 537. It also concluded that certain properties and delivery methods would have been obvious. Id. at 536-37. Only later, under the heading “Secondary considerations,” did the court analyze the pat-entee’s objective indicia of non-obviousness. Id. at 537. Finding that the objective indicia did not “overcome the prima facie case of obviousness,” the district' -court granted summary judgment' of obviousness. Id, at 536.
On appeal, we reversed the district court’s obviousness determination. We explained that the purpose of objective indi-cia of non-obviousness is to refute the evidence. of obviousness. Cyclobenzaprine, 676 F.3d at 1077. That a patent owner may submit this evidence on objective indicia *1356 does not mean, however, that the burden shifts to the patent owner to prove non-obviousness. Cyclobenzaprine, 676 F.3d at 1079-80. The district court must consider all evidence, including objective, indicia of non-obviousness, before making an ultimate conclusion of obviousness. Id. at 1080. We criticized the district court for “imposing] a burden-shifting framework in a context in which none exists.” Id. at 1076.
In Cyclobenzapñne, we emphasized our earlier statement that “‘evidence of secondary considerations may often be the most probative and cogent evidence in the record. It may often establish that an invention appearing to be obvious in light of the prior art was not.’ ” Id. at 1075-76 (quoting Stratoflex, 713 F.2d at 1538). We noted that some Federal Circuit opinions have used the “prima facie” and “rebuttal” language, but we cautioned that “those cases should not be interpreted as establishing a formal burden-shifting framework.” Id. at 1077. Instead, we interpreted our precedent to hold that “all evidence relevant to obviousness or nonobviousness [must] be considered, and considered collectively.” Id. at 1078. Objective indicia of non-obviousness, we stated, are not mere, after-the-fact considerations relegated to secondary status. Id. They are essential safeguards against hindsight bias. Id. at 1079.
D. Post-Cyclobenzapñne Use Of Prima Facie Framework
After Cyclobenzapñne, some of this court’s decisions have continued to endorse the prima facie framework. See, e.g., Cubist Pharm., Inc. v. Hospira, Inc., 805 F.3d 1112, 1130 (Fed. Cir. 2015) (“We sustain the district court’s determination that the secondary consideration evidence did not overcome the showing of obviousness based on the prior art.”); Novo Nordisk A/S v. Caraco Pharm. Labs., Ltd., 719 F.3d 1346, 1353-54 (Fed. Cir. 2013) (“The mere fact that the court conducted [the obviousness] analysis using terms such as ‘overcome’ and ‘prima facie’ does not necessarily imply that it shifted the burden of persuasion onto [the patent owner].”).
In light of mixed messages coming from our court — endorsement of a prima facie framework on one hand but insistence to view the evidence as a whole on the other — trial courts have continued to find a prima facie case of obviousness before turning to objective indicia as rebuttal evidence. Despite Cyclobenzapñne’s warnings, burden-shifting remains common among trial courts. See, e.g., Bayer Pharma AG v. Watson Labs., Inc., 183 F.Supp.3d 579, 589 (D. Del. 2016) (“Under relevant law, once a prima facie case of obviousness has been established, the burden then shifts to the applicant to present evidence of secondary considerations of non-obviousness to overcome this prima facie showing.”); B-K Lighting, Inc. v. Visions Lighting, 930 F.Supp.2d 1102, 1116-17 (C.D. Cal. 2013) (stating that the patent owner bears the burden of presenting evidence to rebut a prima facie case of obviousness); Bristol-Myers Squibb Co. v. Teva Pharm. USA, Inc., 923 F.Supp.2d 602, 675 (D. Del. 2013) (“With [the alleged infringer] having met its burden to establish a prima facie case of obviousness, the Court will go on to consider the fourth Graham factor: facts regarding objective indicia of nonobviousness.”); Hitkansut LLC v. United States, 127 Fed.Cl. 101, 113 (2016) (stating that the patent owner “incorrectly assumes that secondary considerations are part of [the alleged infringer’s] burden in proving obviousness. Instead, evidence of secondary considerations is in the nature of rebuttal evidence. ... A patentee typically comes forward with proof of secondary considerations of validity, or ‘non-obviousness,’ in rebuttal to a patent challenger’s prima facie case of ob *1357 viousness.”) (alterations, quotation marks, and citation omitted).
E. This Court’s “Prima Facie” Framework Does Not Comport With Supreme Court Precedent
Although this court highlighted the dangers associated with the prima facie framework in Cyclobenzaprine, we have not diligently instructed trial courts to abandon the framework altogether.[5] The time to do so has come. One commentator has stated that “Cyclobenzaprine was unrealistic” if it intended to ban district courts from making prima facie findings of obviousness pri- or to consideration of objective indicia. Chisum § 5.05.1 am not the first member of this court to state that such a ban is necessary. See Galderma Labs., L.P. v. Tolmar, Inc., 737 F.3d 731, 748 (Fed. Cir. 2013) (Newman, J., dissenting) (“[T]he proper analysis of obviousness under 35 U.S.C. § 103 requires that all evidence relevant to obviousness or nonobviousness be considered, and be considered collectively, without resort to presumptions of prima facie obviousness or burden-shifting”) (quotation marks omitted); Wm. Wrigley Jr. Co. v. Cadbury Adams USA LLC, 683 F.3d 1356, 1367 (Fed. Cir. 2012) (Newman, J., dissenting) (“The district court, holding that a prima facie case of obviousness was established on the prior art alone, shifted the burden of proof to the patentee to rebut the asserted, but improper, prima facie case with the evidence of commercial success and copying. This is a distortion of the burden of proof, which never leaves the challenger”).
Objective indicia of non-obviousness must be considered from the outset, and the burden of proof should never leave the challenger. The purpose of our patent system is the promotion of the progress of science and useful arts. U.S. Const, art. 1, § 8, cl. 8. This purpose is undermined by premature findings of obviousness and over-invalidation of innovative patents. Novo Nordisk, 719 F.3d at 1365 (Newman, J., dissenting).
The prima facie approach to obviousness jumbles the proper order of operations. “Prima facie” refers to evidence that is “[sjufficient to establish a fact.or raise a presumption unless disproved or rebutted.” Prima Facie, Black’s Law Dictionary (10th ed. 2014). Whether a party has made a prima facie case is a legal determination. See Takeda Chem. Indus., Ltd. v. Alphapharm Pty., 492 F.3d 1350, 1356 (Fed. Cir. 2007) (calling the prima facie test “consistent with the legal principles enunciated in KSR”).
Consistent with the prima facie approach endorsed by some of our past decisions, the district court here proceeded in four steps: it (1) considered the first three Graham factors; (2) made a legal prima facie determination of obviousness; (3) considered objective indicia of nonobviousness; and (4) made an ultimate conclusion of obviousness. Steps one and three are factual, whereas steps two and four are legal. It is clear to me that courts are making a legal determination of obviousness at step two. As a result, all of the facts concerning patentability are not considered. This is error.
I read Supreme Court and Federal Circuit precedent to require all factual analysis to occur prior to achieving a legal conclusion on non-obviousness. This should be done without resort to an intermediate *1358 prima facie conclusion. See, e.g., Graham, 383 U.S. at 36, 86 S.Ct. 684 (not making a prima facie conclusion and instead reserving any legal conclusion until after discussion of 'all factual predicates); KSR, 560 U.S. at 426, 127 S.Ct. 1727. (same); Apple, 839 F.3d at 1058 (same); Gyclobenzaprine, 676 F.3d at 1081-83 (same); Stratoflex, 713 F.2d at 1539 (same). Thus, I would instruct the district court to abandon the prima facie framework and instead proceed in two steps: (1) consider all factual evidence, both favoring and disfavoring a finding of obviousness; and (2) make a legal conclusion of obviousness. Accord Wm. Wrigley Jr. Co., 683 F.3d at 1370 (Newman, J., dissenting); Robert A. Matthews, Jr., Annotated Patent Digest § 18:93 (“A court should consider evidence of secondary considerations together with the evidence alleged to create a prima facie case of obviousness before determining whether an invention is or is not obvious. In other words, secondary considerations do not come into play only'to rebut a prima facie case of obvious, (even though that is often how they are 'considered during prosecution). Rather, the considerations factor in to the initial determination of obviousness.”).
I recognize there are practical limitations of legal analysis and writing. A court’s opinion must be linear and cover only one issue at a time. Typically,' discussion of the objective indicia of non-obviousness comes last in an obviousness analysis. There is nothing inherently wrong with this order per se. Again, Supreme Court precedent is instructive. The Court discussed objective indicia of non-obviousness last in Graham. 383 U.S. at 35-36, 86 S.Ct. 684. So too in KSR. 550 U.S. at 426, 127 S.Ct. 1727. But in both cases, the Court made no “prima facie” finding of obviousness, did not relegate objective indicia into an afterthought, and reserved its legal conclusion for' after discussion of all relevant factual inquiries. Id. Our seminal Federal Circuit decisions have done the same. See Apple, 839 F.3d at 1058; Cyclobenzaprine, 676 F.3d at 1081-83; Stratoflex, 713 F.2d at 1539. But the notion that objective criteria are considered after a legal prima facie showing is made has taken root like a spreading vine. This gives rise to cases, such as this case on appeal, where a court determines that a particularly “strong” prima facie showing has been -made, making it difficult if not impossible for adequate weighing of evidence of objective indicia of non-obviousness.
This case presents a textbook example of why courts should not make any determinations of obviousness, prima facie or otherwise, prior to considering objective indicia of non-obviousness. Here, Kellogg responded to Kraft’s patent infringement suit by alleging that Kraft’s patent was invalid for obviousness. Kellogg presented evidence of prior art that it alleged a person of ordinary skill would have been motivated to combine. ,
In response to Kellogg’s evidence of obviousness, Kraft presented at least three objective indicia of nonobviousness. The district court wrote that Kraft “has offered substantial evidence from which a jury could find that its invention has been commercially successful.” J.A. 29. Kraft presented evidence that its sales volume increased four percent due to the invention. J.A. 28. It also presented “evidence of positive consumer feedback” and survey results showing that the invention “was a clear favorite for nearly all” survey respondents. J.A. 29. The court also found that. Kraft introduced evidence of long-felt but unsolved need. Id. It explained that Kraft won “one of the highest industry awards innovative packaging technology can receive” and pointed to “many .industry publications” praising the technology. Id. Finally, Kraft presented evidence “showing] that Kellogg intentionally cop *1359 ied [Kraft’s] packaging.” Id. The court found this evidence of copying to be “compelling.” Id.
1. am left to wonder how “substantial” and “compelling” evidence of objective in-dicia cannot overcome a prima.facie showing. If such significant evidence does not make a difference in this case, it is hard to imagine a situation in which it would.
An observer noted that “the , law, with respect to the importance of secondary considerations or objective indicia, is, going through a transformation.” J. Jeffrey Haw-ley, The Resurgence of “Secondary Considerations”, 16 Fla. Coastal L. Rev. 1, 23 (2014). I hope so. Cyclobenzaprine was a step in the right direction. We should finish what Cyclobenzaprine started and prohibit prima facie findings of obviousness prior to consideration of objective indicia of non-obviousness.
II.
Because it affirms on obviousness grounds, the majority does not discuss the district court’s grant of summary judgment of no literal infringement. Because I would reverse the obviousness determination, I would review the infringement finding. I would find reversible error in the district court’s claim construction, which led to its finding of no literal infringement.
Kraft sued Kellogg for, inter alia, literal infringement of the ’532 patent; Central to Kraft’s infringement allegation was the claim term “sealing layer,” which appears in claim 1 of the ’532 patent. The parties disputed the construction of “sealing layer” in their claim construction briefs and at the claim construction hearing.
Following briefing and argument, the district court issued a Markmcm order construing “sealing layer.” The court concluded that the ’532 patent claims require “the sealing layer to be a distinct layer from the top of the container.” J.A. 44. The court went on:
This does not mean, however, that the sealing layer must be physically separated from the top of the container or, more specifically, from the wrapper that forms the top of the container as de: scribed in claim 1. In particular, the requirement of a distinct layer does not preclude the sealing layer from being laminated to another layer or layers-of the wrapper. One layer of material that is laminated to another is no less a distinct layer. In other words, “distinct” and “separate” have different meanings in-this context.
J.A, 45 (emphases added). Neither party disputes that this construction, as expressed in the Markman order, is correct.
• In its subsequent summary judgment order, however, the court construed “sealing layer” differently. The summary judgment order stated that the sealing layer “must be a separate piece of material.” J.A. 32. This construction was outcome-determinative: The court noted that it granted summary judgment of no literal infringement “based on [its] construction of the claim term, ‘sealing layer.’ ” J.A. 31; see also id. (“Because the top and cut-out flap are not ‘distinct layers’ in the accused products — rather, they are part of the same layer — Kellogg does not literally infringe the sealing layer limitation.”).
The court’s new construction at summary judgment contradicts its Markman construction that stated the sealing layer did not need to be a separate piece of material. This distinction is critical because if the sealing layer need not be separate from the top of the container, then a reasonable jury could conclude that Kellogg literally infringed the ’532 patent. The majority opinion fails to address this issue at all, either in its recitation of the facts or its analysis of the law. Kraft was entitled to a consistent construction of “sealing layer” throughout the case, or, at minimum, to *1360 have an opportunity to respond to the court’s new construction. Cf. Cordis Corp. v. Bos. Sci Corp., 658 F.3d 1347, 1355 (Fed. Cir. 2011) (holding that while a court may clarify its construction after a jury verdict, it may not apply an altogether different construction); SAS Inst., Inc. v. ComplementSoft, LLC, 825 F.3d 1341, 1351-52 (Fed. Cir. 2016) (stating, in the agency context, that while the Patent Trial and Appeal Board may adopt a claim construction in its Final Written Opinion, it may not change constructions “midstream”). Because Kraft did not have an opportunity to respond to the midstream change in the meaning of “sealing layer,” I would reverse the grant of summary judgment of no literal infringement.
I respectfully dissent from judgment of the majority to: (1) affirm the district court’s grant of'summary judgment of obviousness and (2) not address the court’s claim construction error.

. Objective indicia of non-obviousness are often referred to as "secondary considerations.” See, e.g., Graham v. John Deere Co., 383 U.S. 1, 17, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966). I prefer to use "objective indicia” to properly signify their evidentiary role and prevent any misperception that they are less important than, i.e., secondary to, other non-obviousness factors relevant in determining whether a claimed invention would have been obvious. See In re Cyclobenzaprine, 676 F.3d 1063 (Fed. Cir. 2012) (using "objective indicia”); Truswal Sys. Corp. v. Hydro-Air Eng’g Inc., 813 F.2d 1207, 1212 (Fed. Cir. 1987) ("That evidence is 'secondary' in time does not mean that it is secondary in importance.”); 2 Donald S. Chisum, Chisum on Patents § 5.05 ("To emphasize the importance of what the Graham decision referred to as 'secondary considerations,’ many Federal Circuit opinions refer to them as 'objective considerations' and list such considerations as a fourth factual inquiry.”).

. An earlier version of § 103 controls his case, but any differences do not impact his analysis.

. Objective indicia include commercial success, long-felt but unsolved need, failure of others, industry praise, unexpected results, and copying. See Apple Inc. v. Samsung Elecs. Co., 839 F.3d 1034, 1058 (Fed. Cir. 2016) (en banc); Kinetic Concepts, Inc. v. Smith & Nephew, Inc., 688 F.3d 1342, 1367 (Fed. Cir. 2012); In re Cyclobenzaprine, 794 F.Supp.2d 517, 538 (D. Del. 2011), rev’d in part, 676 $.3d 1063 (Fed. Cir. 2012). For more than a century, the Supreme Court has recognized the utility of objective indicia of non-obviousness in adjudicating patent validity. See Smith v. Goodyear Dental Vulcanite, 93 U.S. (3 Otto) 486, 494-95, 23 L.Ed. 952 (1877) (discussing loñg-felt but unmet need and professional approval).

. The party asserting obviousness — here, Kellogg — bears the burden of proof by clear and convincing evidence. Microsoft Corp. v. i4i Ltd. P'ship, 564 U.S. 91, 95, 131 S.Ct. 2238, 180 L.Ed.2d l31 (2011),

. The majority notes, and I do not dispute, that the use of "prima facie” is a "not-uncommon choice of words” in our past precedent. Maj. Op. at 1345-46; see also Chisum § 5,05 (“Federal Circuit decisions have held that, in particular cases, secondary considerations, though relevant, failed to overcome a ‘strong’ prima facie case of obviousness based on the prior art.”).